## CURTIS BROS. LUMBER CO. v. McLOUGHLIN.

(Supreme Court, Appellate Division, Second Department. March 13, 1903.)

1. ERECTION OF BUILDINGS—LOAN BY OWNER—ORDER ON LENDER—SUIT BY PAYEE—SUFFICIENCY OF EVIDENCE.

The owner of buildings in process of erection applied to a broker for a loan in installments, and it was claimed that a contract was made for the loan with defendant. Afterwards, the owner and the defendant made a written contract for a larger loan, making no provisions for stated payments, and providing that on the happening of certain events defendant should be relieved from obligation to make further advances. The owner gave plaintiff an order on defendant, to be paid in various amounts as the work progressed. The order was filed with the county clerk, Laws 1896, p. 995, c. 915, providing that no assignment of any moneys due or to become due for labor or materials, or any order drawn by any contractor or subcontractor for the payment thereof, shall have any force until such assignment or order shall be filed with the county clerk. It did not appear that the terms of the contract, imposing an obligation on defendant to continue the advances, had been fulfilled, and the evidence was conflicting as to whether defendant had any notice of the order. *Held*, in a suit on the order, that the complaint was properly dismissed, it not showing any definite fund on which the order was drawn, or any notice thereof to the defendant.

2. SAME—EFFECT OF FILING ORDER.

The filing of the order or a copy with the county clerk did not constitute notice to defendant, he not being the owner of the premises.

3. SAME.

Laws 1896, p. 995, c. 915, did not relate to one in defendant's position, whose rights were fixed by a written contract with the owner.

4. SAME—EFFECT OF WRITTEN CONTRACT.

The written contract between the owner and defendant superseded any oral contract made through the broker, and was controlling in the case.

Appeal from Special Term, Kings County.

Action by the Curtis Bros. Lumber Company against Charles McLoughlin. From a judgment dismissing plaintiff's complaint without costs, it appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Walter H. Dodd, for appellant.
Charles A. Webber, for respondent.

WOODWARD, J.    Adolph F. Herlt, a builder, was in May, 1900, the owner of six frame and five brick houses which were then in an uncompleted condition.    He applied to one Maher, a broker, for a loan of $9,300 to complete the six frame houses.    He submitted a list of the payments he desired, based upon the progress of the buildings, and it is claimed by the plaintiff, the assignee of Curtis Bros., that a contract was entered into, through Maher, with the defendant, for a loan of this amount, to be paid at different stages of completion of these six frame buildings.    There is some evidence in the case from which it might be inferred that there was such a contract, but it appears from the evidence of the plaintiff that, subsequent to the negotiation with Maher, Herlt entered into a written contract with the defendant for a loan of $36,000, based upon the 11 buildings, and this contract, which appears to be complete in itself, makes no provision for stated payments or advancements.    This written loan agreement was made on the 29th day of June, 1901, and provides for a bond and mortgage upon the premises occupied by the 11 buildings, and under the seventh paragraph it is provided that, if either of 10 events happen, the lender shall be relieved of all obligation to make any further advances.    On the 13th day of July following, Curtis Bros., plaintiff's assignors, having presented an order for $1,100 for materials furnished, and threatening to file a lien, a compromise was effected, whereby, in consideration of a payment of $500, they agreed not to file a lien, as all concede, and the defendant testified that this agreement extended to orders or to anything which should harass Herlt and ruin his credit, but this is not, in the view we take of this case, important.    On the 7th of August, 1901, Herlt gave Curtis Bros. the order in suit for $600, which was the balance of the $1,100 above mentioned.

The theory of plaintiff's case is that Herlt had a contract with the defendant to furnish $9,300 for the construction of the six frame buildings, and that these payments became due upon the six buildings reaching the various stages of completion mentioned in the list furnished by Herlt when negotiating for such a loan, and that when Herlt gave Curtis Bros. this order for $600 upon the defendant, to be paid, "$300.00 out of the payment when standing trim is on; second payment, the sum of $100.00, when mantels and ranges are in; third payment, the sum of $200.00, when plumbing fixtures are set"—it operated as an assignment of so much of these several payment funds to Curtis Bros., and that the defendant, in making advances to Herlt, without paying this order, became liable to the plaintiff for the amount.    The trial court dismissed the complaint upon the trial, and appeal comes to this court.

The difficulty we find in sustaining the plaintiff's contention is that it does not appear from the evidence that Herlt had any contract with the defendant for a loan of $9,300, payable in fixed sums, nor is the evidence conclusive that the defendant ever had any notice of the order in suit.    The contract proved is a written contract for a loan of $36,000, with a mortgage covering all of the premises, and there is no provision of this contract which calls for the advancement of any specified amount at any time, and the evidence fails to show that the terms of the contract, imposing an obligation to continue the advances

which were contemplated by the agreement, had been fulfilled. It was held in the case of Brill v. Tuttle, 81 N. Y. 454, 37 Am. Rep. 515, that when, for a valuable consideration from a payee, an order is drawn upon a third party and made payable out of a particular fund, then due or to become due from him to the drawer, the delivery of the order to the payee operates as an assignment pro tanto of the fund, and the drawee is bound, after notice of such assignment, to apply the fund, as it accrues, to the payment of the order, and to no other purpose, and the payee may, by action, compel such application. But the evidence does not show in this case that there was any specific fund on which these orders were drawn, or that any moneys were due or to become due to the drawer; and there is a very direct conflict of evidence as to whether the defendant ever had any notice of the giving of the order in suit, for it cannot be held that the filing of the order or a copy of the same with the county clerk constituted notice to the defendant, who was not the owner of the premises, but one who had contracted, under certain conditions, to loan a given sum of money to the owner. Chapter 915, p. 995, Laws 1896, amending chapter 342, p. 585, Laws 1885, does not relate to one in the position of the defendant, whose rights are fixed by his written contract with Herlt. Unless the plaintiff shows by a fair preponderance of evidence that there was a definite fund on which the order was drawn, and that the defendant had notice of the order, it has failed to establish·a cause of action, and we are clearly of the opinion that the written contract in evidence, and which followed the alleged oral contract, governs in this case. This written contract does not provide for definite payments, and it is only in the event that none of the events mentioned in the seventh paragraph happens that the defendant is under any obligations to make advances, and there is nothing to show that none of these events had happened.

The judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur.